UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/respondent,

v.

    CASE NO. 95-CV-81192-DT
    JUDGE PAUL D. BORMAN
    MAGISTRATE JUDGE PAUL KOMIVES

DWIGHT CAMPBELL,

    Defendant/movant.
    _____/

**REPORT AND RECOMMENDATION ON (1) DEFENDANT'S MOTION FOR THIS COURT [TO ENTERTAIN] ISSUES WITHIN DEFENDANT'S 2255 ACTION FILED 5/13/05; (2) DEFENDANT'S MOTION REQUESTING[] ENTERTAINMENT OF MOTIONS FILED 1/9/06; AND (3) DEFENDANT'S MOTION FOR REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny defendant's motions for this Court to entertain issues within his § 2255 action (docket entry #848 and #859). In light of this Report and Recommendation, the Court should also deny as moot defendant's motion for a report and recommendation (docket #862).

II.    REPORT:

A.    *Procedural Background*

Defendant/movant Dwight Campbell is a federal prisoner, currently incarcerated at the Petersburg Federal Correctional Institution in Petersburg, Virginia. On August 15, 1996, defendant was charged in this Court in four counts of a multiple count, multiple defendant superceding indictment. Specifically, defendant was charged with: conspiracy to possess with intent to distribute and conspiracy to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), 846 (Count 1); possession with intent to distribute cocaine and aiding and abetting such possession, 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) (Count

1

3); possession with intent to distribute heroin and aiding and abetting such possession, 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) (Count 4); and money laundering and aiding and abetting such money laundering, 18 U.S.C. §§ 2, 1956(a)(1)(A)(i) (Count 5). Defendant was charged with an additional count of money laundering in a third superseding information filed on January 13, 1997, and with a third count of money laundering in a fourth superseding information filed on February 6, 1997. On January 13, 1997, defendant pleaded guilty to the drug conspiracy charge (Count 1) pursuant to a Rule 11 plea agreement. On February 6, 1997, defendant also pleaded guilty to the money laundering count charged in the third superseding information. On June 15, 1998, defendant was sentenced to a concurrent prison term of 186 months, to be followed by a five year term of supervised release.

Defendant appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit, raising two claims: (1) ineffective assistance of counsel; and (2) improper application of a two-level enhancement for possessing a firearm. The Court concluded that defendant's sentencing claim was barred by his waiver of his right to appeal in the plea agreement, and that his ineffective assistance of counsel claim was more properly raised in a § 2255 motion. *See United States v. Campbell*, No. 98-1782, 2000 WL 1597858, at *2-*3 (6th Cir. Oct. 19, 2000).

On February 15, 2001, defendant, proceeding *pro se*, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Defendant raised a number of challenges to his conviction and sentence, roughly grouped into four categories: (1) the government breached the plea agreement in various respects; (2) his plea was not voluntary and intelligent; (3) ineffective assistance of counsel; and (4) improper sentencing. On August 3, 2001, I filed a Report recommending that the motion to vacate be denied on the merits. The Court entered an Order adopting my Report and Recommendation and denying the motion to vacate on August 30, 2001.

Currently before the Court is petitioner's motion for the Court to entertain issues raised within

his § 2255 motion which were not addressed in my prior Report and Recommendation or the Court's Order denying § 2255 relief. For the reasons that follow, the Court should deny the motion.

B.   *Analysis*

In his initial motion for entertainment of issues, defendant asks the Court to consider several issues which he contends were raised in his § 2255 motion but not addressed by the Court in ruling on the motion. In his motion requesting entertainment of motions, defendant seeks on order on this first motion for entertainment, as well as consideration of two other motions: (1) his Rule 60(b) motion for relief from judgment filed on February 10, 2005 (docket entry #840); and (2) his motion for relief from sentence based on modification of the Sentencing Guidelines filed on March 24, 2005 (docket entry #842). However, these latter two motions were fully addressed in my Report & Recommendation filed on April 29, 2005 (docket entry #847).

As to the initial motion for entertainment of issues, defendant is not entitled to the relief he seeks. When a party feels that the Court has failed to address the arguments and issues raised by the pleadings and motion papers, the party's general recourse is to seek "reconsideration of the district court's ruling on the ground that it had misunderstood the complete nature of [his] . . . claim." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). Thus, defendant's motion should be treated as the functional equivalent of either a motion for reconsideration under E.D. Mich. LR 7.1, or a motion to alter or amend the judgment under FED. R. CIV. P. 59(e). Under either rule, defendant's motion fails.

First, defendant's motion is untimely. Both a motion for reconsideration under Local Rule 7.1 and a motion to alter amend the judgment under Rule 59(e) must be filed within 10 days after entry of the judgment. *See* FED. R. CIV. P. 59(e); E.D. Mich. LR 7.1(g)(1). Here, the Court denied defendant's § 2255 motion on August 30, 2001, and defendant's motion for reconsideration was not filed until May 13, 2005, nearly four years later. Thus, the motion is clearly untimely under both Local Rule 7.1 and

Rule 59(e).

Second, the factual basis of defendant's motion is not accurate. In his motion, defendant contends that the Court failed to consider eight separate issues or arguments presented in his original § 2255 motion. The Court should conclude that my initial Report and Recommendation, and thus the Court in its Order adopting my Recommendation, either explicitly or necessarily by implication considered each of the issues which petitioner contends went unaddressed.

1. Breach of the Immunity Agreement: Defendant contends that the Court failed to consider his claim that the government breached its immunity agreement. However, consideration of this issue was subsumed in my discussion of defendant's claims alleging breach of the plea agreement and improper use of information obtained pursuant to the immunity agreement. *See* R&R, dated 8/3/01, at 5-6 (docket entry #609).

2. Sentencing Claims: Defendant also contends that the Court failed to consider several of his sentencing claims. However, each of defendant's sentencing claims was addressed either explicitly or necessarily by implication in my previous Report. As explained there, all of defendant's sentencing claims were foreclosed by his plea agreement, in which he agreed to the applicability of the sentencing factors. *See* R&R, at 10-11, 17.

3. Ineffective Assistance Claims: Finally, defendant contends that the Court failed to consider his arguments relating to prejudice arising from counsel's ineffective assistance. However, with respect to petitioner's claims attacking counsel's plea, sentencing, and appellate representation, my prior Report did address both the deficient performance and prejudice prongs of the test for ineffective assistance of counsel claims. *See* R&R, at 13-15. It is true that I did not explicitly address prejudice with respect to defendant's claim that counsel was ineffective for failing to object to the government's alleged breach of the plea agreement or use of information obtained by the immunity

4

agreement.  *See id.* at 14 n.1.  However, it was not necessary to discuss prejudice because defendant could not show that counsel's performance was deficient with respect to this claim.  *See Strickland v. Washington*, 466 U.S. 668, 697 (1984) ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").  Thus, there is no need for further consideration of this issue.

C.    *Conclusion*

In short, defendant's motion is untimely, and in any event the Court fully considered, either explicitly or necessarily by implication, each of the claims and arguments raised in defendant's original § 2255 motion.  Further, defendant's other two motions were fully addressed in my Report of April 29, 2005.  Accordingly, the Court should deny defendant's motion for entertainment of issues and his motion requesting entertainment of motions.  In light of the filing of this Report, the Court should also deny as moot defendant's motion for report and recommendation.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                             s/Paul J. Komives
                                             PAUL J. KOMIVES
                                             UNITED STATES MAGISTRATE JUDGE

Dated: June 20, 2006

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 20, 2006.
>
>                            s/Eddrey Butts
>                            Case Manager